The People of the State of Illinois, Plaintiff-Appellee, *v.* Peter Connors, Defendant-Appellant.

(No. 57221; )

First District (1st Division)—May 21, 1973.

BURKE, P. J., took no part.

James J. Doherty, Public Defender, of Chicago, (Bernard L. Schwartz, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James R. Carlson, Assistant State's Attorneys, of counsel,) for the People.

PER CURIAM:

On February 11, 1971, the defendant, Peter Connors, entered a plea of guilty to an indictment charging him with two counts of armed robbery in violation of section 18—2 of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, par. 18—2.) He was placed on probation for a period of three years, the first four months to be served in the county jail.

On November 22, 1971, a hearing was held on a rule to show cause why the defendant's probation should not be revoked. After the hearing,

the defendant's probation was revoked and he was sentenced to a term of two to ten years in the Illinois State Penitentiary. The defendant appeals, arguing only that his maximum sentence of ten years is excessive and should be reduced.

At the hearing on the Rule to Show Cause, the following testimony was adduced: Alvin Walker testified that he is a coin collector for Illinois Bell Telephone. On June 25, 1971, at approximately 1:30 P.M. he was at 137 S. Pulaski, Chicago, Illinois when the defendant approached him and attempted to talk him into letting him rob him. Walker refused and the defendant entered a nearby tavern. As Mr. Walker was entering his truck, the defendant came out of the tavern, picked up a cardboard box and entered the truck with him. The defendant told Walker that he had a companion with a gun parked in a car across the street. The defendant took the collection cans which contained approximately $700, went over to the waiting car, and put the box containing the money into the trunk of the car. Walker was able to get the license number of the automobile and immediately contacted the police. Mr. Walker gave the police a description of the offenders and the license number of their car.

The defendant was arrested later that night and told a security representative of the telephone company that after he asked Walker to let him rob him, Walker had "more or less" agreed. In his home was found a white carton containing the stolen coin boxes containing $346. In the rear of the building where he had been arrested, the police found five telephone company collection cans that had been forced open.

After the defendant's probation was revoked, the hearing in aggravation and mitigation disclosed that the defendant had the following convictions: April 18, 1966, petty theft; October 27, 1967, unlawful use of a weapon; February 11, 1971, theft.

In mitigation Rev. Thurmond Harper testified he is the Baptist minister at Cook County Jail. During the past five or six months during which the defendant was incarcerated, he had personal contact with the defendant and felt that he was a fine young fellow.

■■■ The defendant argues that the trial court improperly considered the acts which led to his violation of probation in determining his sentence. He argues that he was thereby sentenced not for the original crime for which he was convicted, but for acts occurring thereafter. In *People v. Golston*, 1 Ill.App.3d 132, 273 N.E.2d 614, this court held that on a revocation of probation, the trial court may properly consider a defendant's subsequent acts as relevant to the defendant's rehabilitation.

■■ The defendant does not challenge his minimum sentence, which is

the minimum possible statutory sentence for armed robbery, but challenges as excessive his maximum sentence of ten years, which is less than the possible maximum. The divergent legal principles bearing upon the question of reduction of sentences by reviewing courts have frequently been stated. The legal reasons for and against reduction of sentence are well set forth in *People v. Lampley*, 1 Ill.App.3d 282, 274 N.E.2d 171, including the dissenting opinion. This sentence is well within the applicable statutory limits. We believe that the trial judge was in a superior position to evaluate the matter and we find no compelling reason to alter the result which he reached after seeing and hearing all of the witnesses. *People v. Gates*, 8 Ill.App.3d 754, 291 N.E.2d 261.

For the foregoing reasons, the judgment and sentence appealed from are affirmed.

Judgment affirmed.

Mr. PRESIDING JUSTICE BURKE took no part in the consideration or decision of this case.