The People of the State of Illinois, Plaintiff-Appellee, *v.* Peter G. Jovanovic, Defendant-Appellant.

(No. 12613; )

Fourth District—March 12, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield (Edward R. Green, Senior Law Student, of counsel), for appellant.

John G. Satter, State's Attorney, of Pontiac (Robert P. Mohan, Law Intern, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of armed robbery upon a jury verdict. Sentence of 4 to 30 years was imposed. Upon appeal, the sole issue is whether the maximum sentence is so excessive as to be an abuse of discretion.

Armed robbery, as defined in section 18—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 18—2), is a Class 1 felony and is punishable by a minimum of 4 years. There is no maximum sentence. The Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—2(a)) states that its purpose is to prescribe sanctions proportionate to the seriousness of the offense, and to permit the recognition of differences in rehabilitation possibilities among individual offenders.

The record shows that defendant was 20 years old at the time of the armed robbery. He had previously been convicted of criminal trespass to a vehicle in August 1968, for which he received 1 year's probation with 30 days in the house of corrections. This probation was later extended to February 1970. He had also entered a plea of guilty to a charge of theft of over $150 in October 1969, for which he received 2 years' probation. At the sentencing hearing, the trial judge commented upon

the seriousness of the offense, especially noting that during the robbery the defendant said to the victim, "Do you want to be wasted." In light of these factors, there is nothing which suggests that the trial court abused its discretion in imposing sentence. *People v. Connors*, 12 Ill.App.3d 109, 298 N.E.2d 397.

The judgment of the trial court is affirmed.

Affirmed.

SIMKINS, P. J., and GREEN, J., concur.