(No. 35528.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM D. MORIARTY, Plaintiff in Error.

*Opinion filed September 28, 1962.*

566

WILLIAM P. BUTLER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, William D. Moriarty, was found guilty by a jury on a charge of burglary and was sentenced to a term of ten years to life in the penitentiary. By writ of error, he asks that the judgment be reversed and the cause remanded for a new trial, contending that he was denied a fair trial because the trial judge assumed the role of advocate during defendant's testimony and indicated to the jury, through questioning, that he disbelieved the defendant. Defendant further contends the trial judge erred in sentencing him for a term longer than one year to life because the defendant exercised his constitutional right to a jury trial rather than to plead guilty and accept a one-year-to-life sentence which the court had indicated would be imposed upon a guilty plea.

The trial judge, in imposing sentence, said, "and in ad-

dition to being guilty of this charge in which there couldn't be any question about your guilt, you took the stand here and committed probably a more serious offense, in my judgment, of perjury, taking an oath to your God to tell the truth and then getting on the stand and telling the outlandish lies that you told to this jury \* \* \* You knew what your situation was in this case. You're a fellow that has had experience in going through the criminal courts. You thought you would be able to walk out. Well, you're going to pay the penalty for it after a fashion. If you'd have come in here, as you should have done in the first instance, to save the State the trouble of calling a jury, I would probably have sentenced you, as I indicated to you I would have sentenced you, to one to life in the penitentiary. It will cost you nine years additional, because the sentence now is ten to life in the penitentiary."

We have always been and are extremely reluctant to interfere with the discretion vested in the trial judge where the sentence is within the statutory range. (*People* v. *Calhoun*, 22 Ill.2d 31, 36.) Furthermore, we have recently refused to disturb a sentence despite inappropriate remarks by a trial court at the time of imposing punishment. *People* v. *Capon*, 23 Ill.2d 254, 257.

However, we believe that the court's remarks here make it evident that the punishment imposed by the trial judge was in part for the reason that the defendant had availed himself of his right to a jury trial, and only in part for the crime for which he was indicted. A defendant in a criminal case should not be punished by a heavy sentence merely because he exercises his constitutional right to be tried before an impartial judge or jury. *United States* v. *Wiley*, (7th cir.) 278 F. 2d 500, 504.

The judgment of the criminal court of Cook County is reversed and the cause is remanded.

*Reversed and remanded.*