THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FREDDIE L. WHITE, Defendant-Appellant.

(No. 11303;

Fourth District—March 1, 1971.

CRAVEN, J. concurring in part and dissenting in part.

Morton Zwick, Executive Director, Illinois Defender Project, of Chicago, (Matthew J. Moran, Deputy Director, Illinois Defender Project, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

OPINION AS MODIFIED ON ORDER OF COURT

MARCH 1, 1971.

Mr. JUSTICE TRAPP delivered the opinion of the court:

A jury found defendant guilty of forgery. Sentence imposed was a minimum of 4 years and a maximum of 14 years. Defendant appeals.

Upon appeal it is urged that the indictment was not sufficient to charge the offense; that denial of a motion for a directed verdict at the close of the State's evidence was plain error requiring reversal; that the trial court considered improper matter in imposing sentence and that the sentence is excessive for the forgery of a six ($6.00) dollar check.

The indictment is said to be void in that it failed to identify the person to whom the instrument was delivered. The information alleges that upon a specified date, "at Star Service Station", with a stated address, the defendant, "* * * with intent to defraud, knowingly delivered a document apparently capable of defrauding another in such manner that it purported to have been made by James E. Douglas, when in fact it had not, such check being in words and figures as follows: * * *.", with the instrument thereafter set out *in haec verba.*

The evidence is that the check was delivered to one Jones, an employee of the Service Station. An allegation identifying the latter was not essential to the preparation of a defense for no real issue raised at the trial denied the execution and delivery of the check. It is urged that there might be subsequent and further prosecutions for the same conduct

of defendant at the instance of Jones, "the actual victim" who had to make the check good, at the instance of Douglas, whose name was signed as maker, or of another Freddie White, whose name appeared on the back of the check.

■■ This argument is not persuasive in view of the provisions of the present Criminal Code, Ill. Rev. Stat. 1967, ch. 38, par. 3—3(b), which provides that if several offenses arising from the same conduct are known to the prosecuting officers at the time of commencing the prosecution and are within the jurisdiction of a single court, such several offenses must be prosecuted in a single prosecution unless the court, in the interests of justice, orders separate trials. Here, the several potential prosecutions argued are apparent from the instrument set out in the information.

■■ Again, the defense of prior conviction or acquittal of the offense here charged may be raised from the record in bar of a subsequent prosecution. As stated in *The People v. Brady*, 272 Ill. 401, at 409, 112 N.E. 126, the court said:

"It is further contended the nature and cause of the accusation are not sufficiently stated in the indictment so as to enable the defendants to plead the judgment in bar of a subsequent prosecution for the same offense. Under the present practice, whether the indictment is for the same offense as that charged in a former indictment under which there has been a final judgment is not determined by an inspection and comparison of the indictments, under a plea setting up the former judgment in bar. The defense of former acquittal or conviction may be made under the plea of not guilty, and on the trial the party accused and the particular offense may be shown by parol testimony."

In *The People v. Hawkinson*, 324 Ill. 285, 155 N.E. 318, the court held that the record is competent evidence in showing a former conviction as a plea in bar. See also *People v. Petropoulos*, 59 Ill.App.2d 298, 208 N.E.2d 323; *People v. King*, 50 Ill.App.2d 421, 200 N.E.2d 411. Defendant argues that *The People v. Crouch*, 29 Ill.2d 485, 194 N.E.2d 248, supports this contention. There, the court held that it was sufficient to allege a general intent to defraud in charging forgery. In speaking of the bar by further prosecution the court noted that the person to whom the instrument was delivered was named in the indictment. The language of the opinion does not suggest that the naming of the person to whom delivery was made is a required alternative to alleging an intent to defraud a specific person. It is noted that no statutory language found in ch. 38, par. 17—3 defining forgery, or in ch. 38, par. 111—3 stating the requirements for charging an offense, (Ill. Rev. Stat. 1967, ch. 38, pars. 17—3 and 111—3) requires the naming of a person to whom an instrument is delivered with intent to defraud.

Defendant's motion for directed verdict at the close of the State's evidence was filed but not argued. It is now urged that the denial of the motion was plain error because the trial court was aware that, in an answer to defendant's motion, the State's Attorney had given notice of an oral confession and that one of the witnesses to such oral confession was a parole agent. Such oral confession was not introduced into evidence.

■■ It is contended that at the time the motion for directed verdict was made, there was not sufficient evidence to establish the elements of forgery, but that the knowledge of "* * * these matters may well have improperly influenced the trial court on a motion for a directed verdict". This argument is without merit. The opening statement made in behalf of the defendant concedes that defendant made and delivered the check, but that it was not intended to defraud. Thus the issue now argued did not exist at the trial. Nothing in the record supports the argued conclusion that the oral confession was non-existent, or that the State's Attorney's notice of such oral confession was improperly filed.

It is finally contended that the sentence is excessive and that the trial court considered improper matter in fixing sentence. In colloquy at the time of sentence, the trial court picked up the statement of the State's Attorney to the effect that the jury had rejected defendant's testimony of the occurrence and, in effect, found him guilty of perjury. The court properly noted the contents of the record that defendant had been sentenced to a term of 2 to 5 years for another forgery; that he had served 2½ years before being paroled and was still on parole at the time of this offense. The record also shows defendant's consecutive sentence for theft. The court said:

"It would be unreasonable in any way to impose the same penalty as on the prior disposition because the matter is more aggravated by repetition. The matter is more aggravated by the circumstances of perjury and so forth."

The latter statement by the court is a matter of concern. In *Scott v. U.S.* (1969), 419 F.2d 264, the sentencing court commented that the defendant "deliberately lied". The reviewing court considered that such expression of opinion might influence the choice of sentence and impose additional punishment for the substantive offense of perjury. The court noted that one who testifies in his own defense assumes the risk that the jury will not believe him and that he may be prosecuted for perjury. Such a prosecution would have the protection of a criminal trial. However, if a sentence by the court is, in effect, enhanced for perjury alleged to have occurred during trial, the defendant is denied the right to trial upon such offense. The court concluded that to allow a trial court to

enhance a sentence because of a belief of perjury, "* * * would needlessly discourage the accused from testifying in his own behalf". In *The People v. Adkins,* 41 Ill.2d 297, 242 N.E.2d 258, the trial court expressly noted that he did not consider the evidence on aggravation which showed that defendant had confessed to crimes for which he had not been charged. Here, the court's colloquy leaves doubt whether improper factors were considered together with the acceptable factors which may be considered in fixing sentence.

■■ In *The People v. Crews,* 38 Ill.2d 331, 231 N.E.2d 451, the trial court, in fixing sentence, considered certain information not in the record as evidence. The Supreme Court there affirmed the conviction but vacated the sentence and remanded the cause for a new sentence.

Judgment affirmed, sentence vacated and remanded.

SMITH, P. J., concurs.

Mr. JUSTICE CRAVEN concurring in part and dissenting in part:

I concur in the affirmance of this conviction. Remendment for further sentencing seems unnecessary in view of the authority of this court to reduce the sentence that was imposed.

A reduction of sentence is warranted. A sentence of not less than four years nor more than fourteen years in the penitentiary is excessive in view of the offense and the offender. While the offense is forgery, the instrument involved is a $6.00 check. The offender has one prior felony conviction—forgery of a $47.74 check in 1966. He was on parole at the time of the instant offense.

It is at least intimated by the record that the severity of the sentence was affected by the court's determination that "* * * circumstances of perjury and so forth." arose during the trial of the case. At least it could be argued that such was an item considered in aggravation. See *People v. Moriarty* (1962), 25 Ill.2d 565, 185 N.E.2d 688, which has some language discussing the point.

In the case of *People v. Crews,* cited in the majority opinion, the remandment was for the purpose of correcting procedures and evidentiary matters arising in the hearing in aggravation and mitigation. Such issue is not present here no, as I understand it, does the majority opinion contemplate any further evidence in aggravation or mitigation in the trial court.

This court should affirm the convcition but reduce the sentence, both the minimum and the maximum, acting under and pursuant to the authority of what is now Supreme Court Rule 615 (Ill. Rev. Stat. 1969, ch. 110A, sec. 615).