THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT GOLSTON, Defendant-Appellant.

(No. 53969;

First District; August 20, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Lee T. Hettinger, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

On September 29, 1967, defendant pleaded guilty to a charge of burglary, and was placed on probation for five years. On January 4, 1968, defendant was required to show cause why his probation should not be terminated following a conviction for aggravated assault on December 13, 1967, for which he was sentenced to serve six months in jail. The court terminated defendant's probation and sentenced him to a term of three to six years.

On appeal, defendant raises two points. First, he argues that the trial court erred in failing to advise him of his right to counsel at the hearing which resulted in probation revocation. Defendant's second contention is that the sentence was improper because it was imposed for the reason that defendant had violated the court's trust.

We find no merit in defendant's first contention that the court failed to advise him of his right to counsel. Defendant was, in fact,

actively and adequately represented by the same counsel at that hearing who had represented him on the original burglary charge. (See *People v. Parks*, 110 Ill.App.2d 455, 462.) We are aware of no authority supporting defendant's proposition that when an accused appears before the court with his attorney, the judge must advise him that he has a right to that attorney, a different one, or none at all.

Defendant's second contention is that the court improperly imposed its sentence for a violation of the court's trust. At the time the court granted probation, the court advised the defendant that he was expected to report to the probation officer regularly, and stated: "Any violation of this probation will bring you right back before me and I will deal with anybody who violates my confidence most severely. Stay out of trouble."

Defendant's attorney advised the court at the hearing on probation revocation that the aggravated assault conviction had resulted from a fight between defendant and his "common law wife" over his removal of the furniture from the apartment where they had been living. In aggravation, the State's Attorney reported that, prior to defendant's burglary conviction in 1967, defendant had received two jail sentences in 1961, a sentence for aggravated assault in 1962, and in 1964 he had been placed on probation for petty theft, reduced from burglary. When the judge revoked defendant's probation, he reminded him of the court's earlier admonition, and told defendant that he had taken advantage of the court.

The statute applicable to sentencing a defendant found to be in violation of the terms of his probation is section 117—3(d) of the Code of Criminal Procedure: "If the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted. Ill. Rev. Stat. 1967, ch. 38, par. 117—3(d).

The penalty for burglary is a sentence for any indeterminate term with a minimum of one year. Ill. Rev. Stat. 1965, ch. 38, par. 19—1(b).

In the case of *People v. Smith*, 105 Ill.App.2d 14, 17—18, defendant claimed that where he had originally been placed on three years' probation for armed robbery, a subsequent 7-to-15 year sentence on termination of probation demonstrated that he had been sentenced not for the original offense but for the subsequent one that had been committed in violation of his probation. The court rejected this contention, noting that the sentence was within the statutory limitation for armed robbery, and that defendant had a prior criminal record, and found no abuse of the trial court's sentencing discretion. The defendant in that case also

argued that the trial court's displeasure with a defense witness resulted in his lengthy sentence. The reviewing court, at page 20, rejected this contention: "The judge was understandably irate when he revoked probation and sentenced the defendant. But that ire was caused by the defendant himself. Despite a prior criminal record and a plea of guilty to a serious offense, the defendant was granted probation. A few weeks later he committed a robbery. The judge was upset that the trust he had placed in the defendant had been betrayed * * *."

■■ We have previously recognized that a decision to revoke probation "always involves the finding that the probationer violated the trust placed in him when he was given the benefits of probation." (*People v. Livingston,* 117 Ill.App.2d 189, 192.) It is true we further stated that such a breach of trust should not "overshadow the statutory mandate that the probationer be sentenced for the crime of which he was convicted, not for the acts of delinquency which may or may not justify revocation of probation." (Ibid., p. 192.) Nevertheless, we did not imply that a probationer's breach of the trial court's trust is not to be a proper consideration in sentencing because that fact is relevant to defendant's rehabilitation potential. As we also said in *Livingston* at page 192: "The primary purpose of our power to reduce sentences is to prevent arbitrary or oppressive treatment of offenders, and to provide penalties which are both proportionate to the circumstances of the case and which recognize differences in rehabilitation potential of offenders."

■ The purpose of the rule that a sentence after probation violation relate to the original crime is that the probationer will also presumably receive appropriate punishment for the subsequent offense. See the Committee Comments to S.H.A., ch. 38, par. 117—3.

■■ Defendant also argues that the circumstances involved in his original burglary conviction indicate that the 3-to-6 year sentence was unnecessarily harsh. The only evidence in the record concerning that conviction is that defendant had a dispute with a cleaning establishment over payment for decorator services rendered by him, and he decided to take some property of his customer in satisfaction of what he thought was due him. We have often stated that the trial court is in a superior position to determine a proper sentence in a given case. (*People v. Livingston, supra,* p. 192; and see *People v. Taylor,* 33 Ill.2d 417, 424.) This is especially true in the instant case, since the sentencing court had also conducted the original trial. We are of the opinion that the sentence does not represent an abuse of the trial court's discretion and is affirmed.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.