THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND BUSCH, Defendant-Appellant.

(Nos. 57510-13 cons.; ▮▮▮▮▮▮▮▮▮▮

First District (3rd Division)—November 15, 1973.

James J. Doherty, Public Defender, of Chicago (Susan K. Horn, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mark R. Harms, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged in the circuit court of Cook County with one count of armed robbery and three counts of burglary. On May 13, 1968, he pleaded guilty to the four charges and was placed on probation for five years, the first six months to be served in jail. On February 4, 1971, he was convicted in another court of criminal trespass to a vehicle and sentenced to one year in jail. On February 9, 1972, the court conducted a hearing on a rule to show cause why defendant's probation should not be revoked. After the hearing, probation was revoked and defendant was sentenced to 10 to 20 years on the four charges, the sentences to run concurrently. Defendant's sole contention on appeal is that the sentences were excessive and should be reduced.

■■ We initially observe that since defendant's case has not yet reached the stage of final adjudication, he is entitled to be sentenced in accord with the provisions of the Unified Code of Corrections. (*People v. Chupich* (1973), 53 Ill.2d 572, 295 N.E.2d 1.) Since armed robbery is a Class 1 felony under the Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 18—2), defendant's sentence of 10 to 20 years for that charge is permissible. Burglary, however, is a Class 2 felony, and the minimum term for such a felony cannot be greater than one third of the maximum term. Consequently, the minimum term for each of defendant's burglary sentences must be reduced from ten years to six years and eight months.

At the hearing on the rule to show cause, a certified copy of defendant's conviction for criminal trespass to a vehicle was introduced into evidence. Additionally, James Kostner testified by stipulation that on April 19, 1969, his 1968 Cadillac automobile was stolen. He did not give defendant permission to enter or take the automobile.

Officer William Lucas of the Chicago Police Department testified that on August 7, 1969, he observed a 1968 Cadillac without license plates. Defendant was driving the vehicle. The officer stopped the vehicle and arrested the defendant when he was unable to show a driver's license or ownership papers. The police department learned that the vehicle had been stolen several months previously. Defendant told the police officer that he owned the vehicle and had recently purchased it from a Mr. Lapopis. Defendant gave the police an address for Lapopis, but no such person lived there.

Defendant testified that he purchased the automobile from Eugene Lapopis whom he met in a tavern. Defendant stated that he paid Lapopis $500 down, using money borrowed from his mother. He was to pay the remaining $5,000 by making monthly payments to the finance company in Lapopis' name. Defendant produced in court two receipts for

$500 and a bill of sale from Lapopis. Defendant's mother testified that in July, 1969, she gave defendant money to purchase an automobile.

Miss Diane Stanak, testifying for the State in rebuttal, stated that she was defendant's ex-girl friend. She testified that the receipts and bill of sale presented to the court by defendant had been prepared by her.

Defendant was recalled and stated that the defense which he had presented was false. He did not get the auto from Lapopis and did not know such a man. Defendant stated that he invented the story because he and his family had been threatened if he revealed where he obtained the car. He testified that he received the car from Sam Radis, the owner of a restaurant. Defendant also testified that he was driving the auto for Radis and did not know it was stolen.

At the conclusion of the testimony, defense counsel stated that he was in a poor position to argue in mitigation because defendant had presented an untrue defense. In aggravation the prosecutor argued that, in addition to the criminal offense involved, there had been "before this court in effect perjurious statements by the Defendant." The court, in imposing sentence, commented that he was considering matters tendered in aggravation and mitigation.

Defendant contends that the sentences imposed for the violation of probation were excessive, arguing that he was punished for demanding a hearing on the probation revocation, and that the trial court improperly considered certain testimony at the revocation hearing in imposing sentences. Prior to the hearing, defense counsel requested a conference with the court and prosecution to see if the matter could be disposed of without a full hearing. At that time the trial judge indicated that he would sentence defendant to concurrent terms of five to ten years if defendant would stipulate as to the facts and dispose of the matter summarily.

■■ Where it is claimed that a sentence is imposed as a punishment for a defendant invoking his right to a trial or a hearing, that claim must clearly be established by the evidence. The mere fact that a defendant may be given a greater sentence than that discussed at a pretrial or prehearing conference does not support the inference that the heavier sentence was imposed as a punishment for demanding a trial. (*People v. Jackson* (1973), 9 Ill.App.3d 1020, 293 N.E.2d 665.) In *People v. Moriarty* (1962), 25 Ill.2d 565, 185 N.E.2d 688, the court held that a criminal defendant should not be punished by a heavy sentence merely because he exercises his constitutional right to a trial. In that case, however, the trial judge, in imposing the heavier sentence, expressly stated that he intended to punish defendant's insistence on a trial. In *People v.*

*Morgan* (1973), 14 Ill.App.3d 232, the prosecutor, after a plea bargaining session, recommended two year sentences for two defendants to be served concurrently with prior convictions. The trial court refused to accept a guilty plea when one defendant insisted that he was innocent. After a jury trial, the court sentenced the defendants to terms of 10 to· 20 years to be served consecutively to the prior convictions. This court, in rejecting defendants' argument that the sentences were excessive, held that the record was devoid of any evidence to support defendants' contention that the disparity between the sentences bargained for and· the one imposed was due to the pique of the court and prosecutor at being put to the trouble of a jury trial. In the present case, there also is no evidence that the sentences were imposed as punishment for defendant's demand for a hearing or as the result of any annoyance on the part of the trial court at having to conduct a brief revocation hearing.

■■ Defendant also maintains that, in imposing sentence, the judge improperly considered the fact that defendant perjured himself at the hearing. However, the trial court, in sentencing a defendant upon revocation of probation, may properly consider a defendant's subsequent acts as relevant to his rehabilitation potential. (*People v. Golston* (1971), 1 Ill.App.3d 132, 273 N.E.2d 614.) In determining defendant's potential for rehabilitation and in fixing proper sentences, the trial judge was entitled to consider defendant's admittedly false testimony at the revocation hearing. It was not necessary, as defendant urges, that he be indicted and convicted of perjury before the court could properly consider his false testimony. Defendant's reliance for that proposition on the decisions in *People v. White* (1971), 130 Ill.App.2d 775, 267 N.E.2d 129, and *Scott v. United States* (D.C. Cir. 1969), 419 F.2d 264, is misplaced. In *White,* the prosecutor, at the time of sentence, stated that since the jury had rejected defendant's testimony it had in effect found him guilty of perjury. While imposing sentence, the trial judge commented that the crime was aggravated by the circumstances of perjury. In *Scott* the trial judge commented during sentencing that he believed defendant had deliberately lied during his testimony. The reviewing court concluded that to allow a trial court to increase a sentence because of a belief of perjury "would needlessly discourage the accused from testifying in his own behalf." In the present case, defendant admitted that he gave false testimony concerning his involvement in the matter, and then testified to completely different circumstances. In considering defendant's prospects for rehabilitation, the trial judge properly took into account defendant's false testimony at the revocation hearing.

■■ While a reviewing court may reduce the punishment imposed by the trial court, the Supreme Court has repeatedly held that such authority

should be applied with considerable caution and circumspection. *People v. Taylor* (1965), 33 Ill.2d 417, 211 N.E.2d 673; *People v. Caldwell* (1968), 39 Ill.2d 346, 236 N.E.2d 706.

■■■ For the reasons stated, the judgment of the circuit court of Cook County as to the armed robbery conviction is affirmed. The minimum terms for the three burglary convictions are reduced from ten years to six years and eight months, and, as modified, the burglary convictions are affirmed.

Judgments affirmed as modified.

DEMPSEY, P. J., and McGLOON, J., concur.