The People of the State of Illinois, Plaintiff-Appellee, *v.* Daniel Baus, Defendant-Appellant.

(No. 58934;

First District (1st Division)—December 3, 1973.

Gary S. Laser, Northwestern Legal Assistance Clinic, of Chicago, and William P. Wilen, Senior Law Student, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant was, on a bench trial, found guilty of Public Indecency, in violation of Ill. Rev. Stat. 1971, ch. 38, par. 11—9, and was fined $100. On appeal, he contends: (1) that his acts were not performed in a "public place" as defined in the statute in that the place involved was not one "where the conduct may reasonably be expected to be viewed by others"; and (2) that the trial court abused its discretion because the $100 fine was based, in part, on the fact that the defendant exercised his right to a trial. We conclude that these contentions are without merit and affirm the judgment.

The facts leading up to the arrest of the defendant and codefendant (who stipulated to the facts and received a year's supervision by the court), are not in dispute. The defendant was jogging in Lincoln Park on September 1, 1972, when he observed his codefendant seated on a park bench. He went to a clump of bushes off the footpath and waited for the codefendant. They then performed an act of oral sex. While they were in the bushes they were observed by the arresting officr who, while patrolling the area in an automobile on an access road, first observed them from a distance of from 45—50 feet. He was not able to determine precisely what they were doing there until after he had exited the automobile and approached the bushes to a distance of about six feet. The arresting officer testified to the incident at trial, and defendant's testimony corroborated the officer except that he insisted he went into the bushes to conceal himself, and that he saw no one else in the park that morning. He also introduced the testimony of Dr. M. Goldberger, who took photographs of the site with the defendant concealed in the bushes to show that he was not visible, unless the bushes were approached.

## I.

Passing to the defendant's first contention, the statute (Ill. Rev. Stat. 1971, ch. 38, § 11—9), provides, in pertinent parts, as follows:

"§ 11—9. *Public Indecency*. (a) Any person of the age of 17 years or upwards who performs any of the following acts in a public place commits a public indecency:

\* \* \*

(2) An act of deviate sexual conduct; or

\* \* \*

(b) 'Public place' for purposes of this Section means any place where the conduct may reasonably be expected to be viewed by others.

A person convicted of public indecency shall be fined not more than $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both."

■■ The defendant contends that the trial court's finding of guilty was based on the conclusion that Lincoln Park, where the action took place, was a "public place" merely because it was publicly owned. We do not so interpret the judge's comments. We conclude, on the contrary, that the court held that Lincoln Park, near the lagoon, at seven o'clock in the morning on the first of September, on a bright, sunshiny day, where people walked their dogs and jogged (as the defendant himself was doing), and where the defendant not only could have been but was in fact seen by a police officer riding in an automobile on an access road, was indeed a "public place" in that it was a place where there was a high probability that the deviate conduct would be viewed by other members of the public. We conclude that that conclusion had adequate basis in the evidence.

The cases cited by the defendant from other States (involving for example, a cemetery in the dead of night or a private car on a remote highway at night, *etc.*) have no factual similarity to this case.

## II.

We now pass to the defendant's second contention—that the trial court abused its discretion in fining the defendant $100 because that result was based in part on the fact that the defendant exercised his right to plead not guilty and have a trial.

■■ We have examined the trial court's comments during the hearing in mitigation and conclude that the argument lacks factual support. It is true that the other defendant, who stipulated to the facts, was given one year's supervision. But this does not bring this case within the pur-

view of *People v. Moriarty* (1962), 25 Ill.2d 565, 185 N.E.2d 688, where the trial court increased the minimum sentence from one to nine years because the defendant had insisted on a jury trial.

Here the sentence was a fine of $100, a very minimal one. And certainly, as the trial court concluded, the defendant does not really, after a trial, have standing to contend that "I shouldn't get worse than him [*sic*]."

We see no merit in either contention and affirm.

Judgment affirmed.

BURKE, P. J., and GOLDBERG, J., concur.