THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN W. SANFORD, Defendant-Appellant.

First District (1st Division)    No. 79-62

Opinion filed June 23, 1980.

Ralph Ruebner and Rafael Schwimmer, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Eisenstein, and Christine A. Campbell, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

The defendant, John W. Sanford, and Raymond Nesbitt were charged with three counts of armed robbery and one count of attempt

murder. Following a jury trial, defendant was convicted of three counts of armed robbery. He was subsequently sentenced to 30 to 90 years' imprisonment.

Defendant appeals the trial court judgment and sentence contending: (1) the court erred in denying his motion to quash his arrest; (2) the State's closing argument denied him a fair trial; and (3) his sentence is excessive. Because defendant does not contest the sufficiency of the evidence, only a brief statement of the facts is necessary.

The State's evidence indicated that on February 3, 1976, at about 1:20 p.m., two men entered Delaney's Pharmacy in Oak Park, Illinois. Mrs. Delaney, owner of the pharmacy, and Mr. Schaefer, the pharmacist, were the only people present. The shorter man, later identified as Nesbitt, asked Delaney for peanuts and whether the pharmacist was present. The taller man, subsequently identified as the defendant, was using the telephone located in the front of the store.

Defendant approached Delaney, who had moved toward the front of the store. He pulled a gun out of a camera case he was carrying on his shoulder and directed her to the back. There, he made her lie face down on the floor. Meanwhile, Nesbitt approached the pharmacist, talked to him briefly and then ordered him to the back and made him lie down. Nesbitt took Schaefer's wallet and two checks from his coat. The men also emptied the contents of the cash register, took Delaney's purse and took various drugs.

At about 1:30 p.m., Officer Nicholas Maffei of the Forest Park police department entered the pharmacy to purchase cigarettes. Maffei was off duty and not in uniform. He observed Nesbitt emptying the contents of the cash register into a purse. Nesbitt reached into his coat pocket indicating he had a gun and said, "This is a stick-up." He ordered Maffei to the back of the store. There, Maffei encountered defendant who, at gunpoint, ordered him to lie on the floor.

Defendant knelt down on Maffei's back, placed a gun to his head, and removed his wallet and watch. Defendant ordered the victims to count to a thousand before they moved.

As the assailants were leaving the pharmacy, Maffei took out his weapon, announced his office, and ordered the men to stop. Defendant spun around, gun in hand, and Maffei fired twice, hitting no one. The assailants ran out the door, entered a car and drove off. Maffei commandeered a car and caught up to them when their car stalled. Both men left the car and ran down an alley. Maffei pursued on foot. According to Maffei, defendant turned around and twice attempted to fire his gun, but it misfired. Maffei apprehended the short man, but defendant fled northbound in the alley.

Officer Douglas Watterson of the Oak Park police department was in a patrol car near the pharmacy at about 1:30 p.m. He received a radio message concerning the robbery in progress and observed a man running who fit the description of the robber. In court, Watterson identified defendant as that man. Watterson identified himself and told defendant to halt. Defendant continued to run and Watterson pursued him and apprehended him in front of a 7-11 Food Store. Defendant possessed a weapon and various items from the pharmacy. Maffei, Delaney and Schaefer also identified defendant as the tall armed robber.

Defendant called his accomplice, Raymond Nesbitt, to testify in his behalf. Prior to trial, Nesbitt had pleaded guilty to the armed robbery charges. Defendant's attorney and the court admonished defendant that Nesbitt's testimony might be harmful to his case. The court also ascertained that Nesbitt did not want to testify. Nevertheless, defendant called Nesbitt as a witness. Nesbitt testified as to his name and address and stated that he pleaded guilty to the armed robbery in question. When questioned about the armed robbery, Nesbitt refused to answer, asserting the fifth amendment.

Defendant's first contention, raised in his *pro se* supplemental brief, is that the trial court erred in denying his motion to quash his arrest and suppress evidence. At the hearing on this motion, the State presented evidence substantially in accord with the facts recounted above. Moreover, on review of the trial court's ruling we may rely upon additional testimony adduced at trial. (*People v. Turner* (1976), 35 Ill. App. 3d 550, 342 N.E.2d 158.) Defendant testified at the hearing on the motion that on February 3, 1977, at about 2 p.m., he was arrested while he stood outside a 7-11 Food Store in Oak Park, Illinois. He stated that at the time of his arrest he was not violating any law.

An arrest without a warrant is lawful where a police officer has reasonable grounds to believe a person is committing or has committed an offense. (*People v. Marino* (1970), 44 Ill. 2d 562, 256 N.E.2d 770; Ill. Rev. Stat. 1975, ch. 38, par. 107—2(c).) A police officer has probable cause to arrest when the facts and circumstances within his knowledge are sufficient to warrant a man of reasonable caution in believing an offense has been committed by the prospective arrestee. (*People v. Robinson* (1976), 62 Ill. 2d 273, 342 N.E.2d 356.) Probable cause to arrest may be based on knowledge received from a police radio call. (*People v. Taylor* (1974), 58 Ill. 2d 69, 317 N.E.2d 97.) A reviewing court will affirm the trial court's determination unless it is manifestly erroneous. *People v. Connor* (1978), 57 Ill. App. 3d 607, 373 N.E.2d 684, *cert. denied* (1978), 439 U.S. 1005, 58 L. Ed. 2d 681, 99 S. Ct. 617.

Officer Watterson was present in the vicinity of the armed robbery

minutes after its occurrence. He received a radio call informing him of the robbery and providing a description of the robbers. Watterson saw defendant running near the scene of the robbery. Defendant matched the description provided. Defendant continued to run after Watterson announced his office and commanded that he stop.

■■ Under these facts probable cause for arrest is apparent. Since the arrest was proper, the search and seizure of defendant's gun and items from the pharmacy was also proper. (*People v. Connor.*) Accordingly, the trial court's denial of defendant's motion was justified.

Defendant's second contention is that the closing remarks by the prosecutor deprived him of a fair trial:

> "[Prosecutor]: And the defendant called his cohort Raymond Nesbitt to the stand in hope that Mr. Nesbitt maybe would take the rap for both of them.
>
> There is Raymond Nesbitt called to the stand, a convicted felon. He plead [*sic*] guilty to the armed robbery. He is the guy caught by Officer Maffei. He is the guy that was described by Mrs. Delaney and Herman Schaefer as the short black individual. We didn't put a name on him, because he plead [*sic*] guilty.
>
> He was asked certain crucial questions at that time. He hoped he would cover him and get him off the—more or less off the hook, if you want to put it that way.
>
> And what does Mr. Nesbitt do? He takes the Fifth Amendment. He knows the State of Illinois has offenses which are called perjury. He knows additional charges might be filed against him, because of what he might say on the stand.
>
> [Defense counsel]: We object to that.
>
> The Court: That may be stricken, and the Jury is instructed to disregard."

Specifically, defendant complains of the prosecutor's statements that (1) defendant called Nesbitt to "cover him and get him off * * * the hook" and (2) had Nesbitt testified he would have perjured himself. Defendant asserts that these comments had no basis in the record since Nesbitt, in essence, never testified and never told the jury his reasons for refusing to testify.

■■ The State maintains that defendant waived this issue, in part, by failing to inject a timely objection to the remark that defendant had called his co-defendant to "cover him and get him off * * * the hook." We agree. A timely objection must be made to alleged improper argument or the issue is waived on appeal. (*People v. Skorusa* (1973), 55 Ill. 2d 577, 304 N.E.2d 630.) Plain error is inapplicable because the State's remarks did not constitute a material factor in defendant's conviction and did not

prejudice his right to a fair trial. *People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.

Defense counsel posed a timely objection to the prosecutor's statement that had Nesbitt testified he would have committed perjury. The trial court sustained the objection and instructed the jury to disregard the statement, thereby curing any error. *People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233; *People v. Malone* (1979), 78 Ill. 2d 34, 397 N.E.2d 1377.

Finally, defendant argues that his sentence of 30-90 years for three counts of armed robbery is excessive.

At the sentencing hearing, the State stressed the facts and seriousness of the instant offense and defendant's criminal record. Defendant was convicted of auto theft in Michigan in 1965 and served 14 months on a 2½-year sentence. Defendant also had a Federal conviction for bank robbery in 1968. He served almost seven years on a 20-year sentence.

Defendant had a wife and one child, but had been separated since September 1975 and did not know their address. He quit high school in Detroit, Michigan, during 11th grade, but completed his G.E.D. in 1971. He admitted being a heroin addict for about one year during 1975-1976.

■■ The trial judge is generally in a better position to determine the sentence to impose than is a court of review and, absent an abuse of discretion by the trial court, a sentence may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The trial court's reasons for imposing a 30-90 year sentence were the nature and seriousness of the offense, including the potential for violence and serious injury, defendant's prior criminal activity and his lack of rehabilitative potential. Upon careful review of the record, we cannot say that the trial court abused its discretion.

Defendant argues that the court did not consider his potential for rehabilitation. Defendant's rehabilitation potential was significantly discredited by his prior felony convictions and the fact that he was on parole for armed bank robbery at the time of the instant offense.

Last, defendant asserts that he received a harsher sentence because he exercised his constitutional right to a jury trial. Co-defendant Nesbitt received a seven-year sentence upon his guilty plea, whereas defendant received a 30-90 year sentence after a jury trial.

A defendant should not receive increased punishment merely because he exercises his constitutional right to trial by jury. (*United States v. Wiley* (7th Cir. 1960), 278 F.2d 500; *People v. Moriarty* (1962), 25 Ill. 2d 565, 185 N.E.2d 688.) However, that claim must be clearly established by the evidence. (*People v. Busch* (1973), 15 Ill. App. 3d 905, 305 N.E.2d 372.) In *People v. Moriarty*, for example, the trial judge expressly stated that he intended to punish defendant's insistence on a jury trial.

■■ Here, defendant's assertion is speculation, unsupported by the record. The trial court did not state that the sentence imposed was due to defendant's decision to take a jury trial. Moreover, defense counsel did not argue that Nesbitt's sentence was a relevant factor in defendant's sentencing (see *People v. Parker* (1976), 40 Ill. App. 3d 597, 352 N.E.2d 394; *People v. Marchese* (1975), 32 Ill. App. 3d 872, 336 N.E.2d 795), nor is there any indication that the court considered Nesbitt's sentence. "[M]ere disparity between the sentences given to a defendant who stands trial and another who pleads guilty does not of itself warrant the conclusion that the former is being punished for proceeding to trial. Rather, the reasons given for the sentence are controlling." *People v. Hayes* (1978), 62 Ill. App. 3d 360, 365, 378 N.E.2d 1212.

The trial court supplied adequate reasons for a sentence greater than the statutory minimum. (See Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(2).) Moreover, the disparity between Nesbitt's and defendant's sentences could be attributable to (1) differences in their history and character (the record is silent as to Nesbitt's background); (2) he State's uncontradicted evidence that defendant pulled the trigger of his gun twice and attempted to injure Officer Maffei. Accordingly, defendant has failed to show that the court abused its discretion or that sentencing variations were caused by his proceeding to trial.

For the aforementioned reasons, the judgment and sentence of the circuit court of Cook County are affirmed.

Affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.