THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID H. WELSH, Defendant-Appellant.

Fourth District   No. 16932

Opinion filed August 7, 1981.—Rehearing denied September 3, 1981.

John C. Taylor, of Hendrix & Lierman Law Offices, P.C., of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Defendant entered a plea of guilty in the circuit court of Champaign County to the offense of reckless driving in violation of section 11—503 of the Illinois Rules of the Road (Ill. Rev. Stat. 1979, ch. 95½, par. 11—503) and was sentenced to 5 months' imprisonment. Within apt time he filed motions to vacate the plea and for rehearing to reduce the sentence. Both motions were denied and this appeal followed.

On appeal defendant argues that his sentence was too harsh when compared with similarly situated other offenders.

At the sentencing hearing defendant drew to the trial court's attention two reckless homicide cases which had been considered by other judges in Champaign County during 1980 and in which those judges had imposed probation as the sentence. In the instant case the facts established that defendant was speeding in a residential neighborhood and his vehicle collided with another which had disobeyed a stop sign. The other driver died as a result of the accident.

The trial court indicated that it was aware of the other cases but

stated that they could have no bearing on its decision in the instant case. We agree.

The vexing question of crime and punishment is as old as the Garden of Eden and is probably not susceptible of a solution, either simple or complex, so long as the human psyche differs radically between and among individuals. Under the system now employed in this State the legislature defines the punishment for *a* crime, but the trial court fixes the punishment for *the* crime. This theory underlies the entire Unified Code of Corrections. Section 5—5—3(b) thereof (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3(b)) specifically provides that the trial court possesses "options." Even though the legislature, after much debate, elected determinate sentencing for imprisonment (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—1 and 1005—8—3), as opposed to the prior system of indeterminate sentences, recommended by ABA Standards, Sentencing Alternatives and Procedures §§3.1 and 3.2 (1968), discretion still exists in the trial court within the limits set by the statutes. We do not have what is sometimes called "flat" sentencing, *i.e.*, an invariable sentence for each offense.

The result is a system whereby sentencing becomes an individualized proceeding but is sufficiently structured to prevent the prejudices of an individual judge from overcoming an evenhanded neutral approach. (Compare *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168.) Like fingerprints or snowflakes, each one bears some similarities to the others, but no two are exactly alike. It therefore follows that sentencing is not an exact science and cannot be reduced to a mathematical formula. It further follows that one sentence is no precedent for another.

While some amorphous equivalency is desirable, it is impossible to say what factors should be considered and how they are to be chosen. In the instant case, for example, defendant has alluded to two cases from Champaign County, of recent origin, with defendants of comparable age, marital status and employment, and with indications of involvement of drugs and alcohol. Statistically, such a sample is so small as to become insignificant; if the sample were increased to become statistically valid, every record in a criminal case would become monstrous in size, unless some means were found to establish facts from other cases without introducing their records.

Authority does exist for the proposition that codefendants should not be treated in a disparate fashion. (*People v. Haynes* (1971), 132 Ill. App. 2d 130, 266 N.E.2d 172; *People v. Cowherd* (1978), 63 Ill. App. 3d 229, 380 N.E.2d 21.) However, the problems just discussed do not apply in such a case. With codefendants there is only a single set of facts. If tried together, there is a single sentencing judge and a single record, and even if severed for trial, the evidence will be essentially the same except for exculpatory or inculpatory statements or other matters of form which compelled the

severance. The chief problem presented by defendant's argument in the instant case, *viz.*, identity of facts, is absent.

Finally, defendant's argument is directed only at the reduction of sentences. By extension, if all sentences are to be equal, those of the less culpable should be enhanced. Merely to state the proposition is to demonstrate its inequality.

As to the specifics of the instant case, the record shows that defendant had had six prior traffic tickets in 1½ years and that the last one was issued little more than one month after the fatal accident. Defendant sought a sentence of probation, but in rejecting this the trial court considered testimony which indicated that the type of driving which preceded the fatal accident was defendant's normal behavior behind the wheel and that he had been stopped earlier in the evening by a police officer and warned for accelerating too quickly. The court also considered the arrest for speeding one month after the accident and concluded that defendant had not made any serious attempt to adjust his driving habits or attitude.

Based on this record, we cannot say that the trial court abused its discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The maximum sentence for reckless driving, a Class B misdemeanor, is not more than six months (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—3(a)(2)), and defendant received one month less than the maximum, or approximately 83%. Except for the fortuitous circumstance that the other driver had disobeyed a stop sign, the defendant could have been charged with reckless homicide, a Class 4 felony.

The sentence of the circuit court of Champaign County is affirmed.

Affirmed.

TRAPP, P. J., and LONDRIGAN, J., concur.