UNITED STATES, Appellee

v

JACK "E" PETTIGREW, Seaman Recruit, U. S. Naval Reserve, Appellant

19 USCMA 191, 41 CMR 191

No. 22,178

January 23, 1970

*Lieutenant Martin A. Selzer,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief were *Commander E. M. Fulton, Jr.,* JAGC, USN, and *Lieutenant Norman A. Wulf,* JAGC, USNR.

*Lieutenant Anthony A. Derezinski,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche,* USMC.

FERGUSON, Judge:

The accused was tried by special court-martial on one specification which alleged that he "did, . . . willfully disobey . . . a lawful order from . . . his superior petty officer," in violation of Article 91, Uniform Code of Military Justice, 10 USC § 891. The court-martial, after excepting the word "willfully" from the specification, found him guilty of a violation of Article 92, Code, supra, 10 USC § 892. His sentence, following modification by appellate authorities, extends to a bad-conduct discharge and forfeiture of $97.00 per month for two months.[1] We granted review on several issues which will be discussed below.

At the time of the alleged offense, the accused was a sentenced prisoner in the Naval Brig, Naval Supply Center, Seattle, Washington. According to the testimony of the petty officer, a brig guard, the accused was one of a group of five prisoners who were that day to be taken to either the legal office or to sick bay. Prior to departure, the witness instructed the members of the group to deposit their cigarettes with the watch at Post One. Thereafter, the prisoners were given a shakedown search and a package of cigarettes was found tucked down in the front part of the accused's dungarees. When the order was given, the accused was not facing the guard and the latter was unable to say whether or not he understood the order. It is standard operating procedure for guards to frisk all prisoners every time they are taken out of, or returned to, the brig. Prisoners are allowed to retain their cigarettes while on working parties but not when going to sick bay or to the legal office. Before being taken from the brig, they are advised of their destination.

The accused testified under oath that he did not hear the order to leave his cigarettes at Post One. Trial counsel's cross-examination was limited to asking the accused whether he had cigarettes on the day in question. When an objection to this question, on the ground that it was outside the scope of direct examination, was sustained, the prosecutor stated that he had no further questions.

In his initial argument on the issue of guilt or innocence, trial counsel, when speaking of the need for the accused to have had knowledge of the order before he could be found guilty, called the court's attention to the fact that the accused testified under oath that he did not hear the order. Thereafter, he argued before the court that, "[t]he prosecution suggests Pettigrew is perjuring himself today and trying to pull the wool over your eyes." In his rebuttal to the defense argument, trial counsel, in contending that knowledge could be proved by circumstantial evidence, again stated, "[t]he prosecution says he perjured himself on the stand."

Subsequent to this summation the following colloquy took place:

"DC: I move to strike that portion which says that this accused took the stand and perjured himself under oath unless the trial counsel has proof.

"TC: I think it would be inappropriate to strike that argument. I think it must be a matter for the reviewing authorities. I think the defense counsel knows this can not be stricken from the record.

"DC: I know no such thing. It can be stricken and should be properly stricken, whether or not you choose to believe him or whether or not I choose to believe him is our own conclusion. For him to get up and say he perjured himself, I think it should be supported by the evidence because his argument is lim-

---

[1] The accused was sentenced by the court to a bad-conduct discharge and forfeiture of $97.00 per month for six months. No confinement was adjudged.

ited to the evidence adduced and any reasonable implications therefrom.

"TC: I think this is fair comment upon the evidence, and I think for you to strike any of my comments would be highly inappropriate. I think this is fair comment upon the evidence. If this man is going to testify under oath he didn't hear under these circumstances, then he is not telling the truth. You should rule upon the defense's suggestion, sir.

"PRES: I wish to sustain his objection.

"DC: My motion to strike?

"PRES: Grant the motion."

One of the issues on which we granted review was to determine whether the accused was prejudiced by trial counsel's argument.

In United States v Doctor, 7 USCMA 126, 133, 134, 21 CMR 252, a majority of this Court set forth some general principles to be considered in determining this issue:

". . . Trial counsel has the duty of prosecuting a case, and he is permitted to comment earnestly and forcefully on the evidence, as well as on any inferences which are supported reasonably by the testimony. He may strike hard blows, but they must be fair. Berger v United States, 295 US 78, 55 S Ct 629, 79 L Ed 1314 (1935). *If his closing argument has a tendency to be inflammatory, we must make certain it is based on matters found within the record. Otherwise it is improper.* The issues, facts, and circumstances of the case are the governing factors as to what may be proper or improper. United States v Socony-Vacuum Oil Co., 310 US 150, 60 S Ct 811, 84 L Ed 1129 (1940). We, therefore, must evaluate the argument in the light of this record." [Emphasis supplied.]

In the case at bar, the accused denied under oath that he heard the order to leave his cigarettes with the watch at Post One.[2] No one testified to the contrary, not even the petty officer who gave the order. Rather, the latter acknowledged, under cross-examination, that while others heard and complied therewith, he could not state whether "he [accused] understood the order or not, sir." There is then, in this record, simply no evidence that the accused committed the criminal offense of perjury, as alleged by trial counsel. United States v Dotson, 17 USCMA 352, 38 CMR 150; United States v Clayton, 17 USCMA 248, 38 CMR 46. His argument, therefore, was improper and erroneous. United States v Gerlach, 16 USCMA 383, 37 CMR 3. As this Court stated in United States v Long, 17 USCMA 323, 326-327, 38 CMR 121:

"Counsel's personal opinion, predicated upon matters other than those in evidence, should not be injected into the case. United States v Hurt, 9 USCMA 735, 781-782, 27 CMR 3; United States v White, 324 F2d 814, 816 (CA2d Cir) (1963); United States v DeAlesandro, 361 F2d 694 (CA2d Cir) (1966). . . .

. . . . .

"An appeal to passion or prejudice is wholly improper. Viereck v United States, 318 US 236, 87 L Ed 734, 63 S Ct 561 (1943). It is also improper to associate the accused with other offensive conduct or persons, without justification of evidence in the record. Handford v United States, 249 F2d 295, 298 (CA 5th Cir) (1957); United States v Socony-Vacuum Oil Co., 310 US 150, 84 L Ed 1129, 60 S Ct 811 (1940)."

Left for determination is the question of prejudice. While improper argument by trial counsel does not necessarily require corrective action by an appellate court (United States v

---

[2] The accused knew that his person would be searched prior to leaving the brig as this was standard operating procedure.

Carpenter, 11 USCMA 418, 29 CMR 234), where there is a fair risk that the deliberations of the court are improperly influenced thereby, reversal is required. United States v Gerlach, supra; United States v Simpson, 10 USCMA 229, 27 CMR 303; United States v Anderson, 8 USCMA 603, 25 CMR 107.

One of the essential elements of the charged offense, and of the lesser included offense of which the accused was found guilty, is that the accused have knowledge of the order. While knowledge of the order may be proved by circumstantial evidence, the knowledge required must be actual and not constructive. United States v Curtin, 9 USCMA 427, 26 CMR 207. The erroneous argument of trial counsel went directly to the accused's testimony on this issue. When defense counsel objected to the argument and moved to strike that portion of the argument from the record, his motion was sustained. The president did not, however, thereafter caution the court members regarding the effect of trial counsel's argument. United States v Simpson and United States v Gerlach, both supra. Cf. United States v Long, supra. In such circumstances it cannot be said that trial counsel's argument was so insignificant as to be entirely devoid of persuasiveness. United States v Gerlach, supra. Reversal is required.

The other issues, on which we granted review, need not detain us. One of them raised the question of whether the president erred by not instructing the court-martial not to consider evidence of other misconduct as reflected by two additional specifications, also charging a violation of Article 91, which were included with the present offense and dismissed at trial on motion by defense counsel. Since the question will not recur on retrial of this case, we need not decide it.

The last question is based on appellate defense counsel's assertion that the specification, as amended by the court when it excepted the word "willfully" from its findings, failed to state an offense.

The assignment is without merit. Article 92(2), Code, supra, provides:

"Any person subject to this chapter who—

. . . . .

(2) having knowledge of any other lawful order issued by a member of the armed forces, which it is his duty to obey, fails to obey the order; . . .

. . . . .

shall be punished as a court-martial may direct."

By its action in this case, the court found that the accused, "having received a lawful order from ▮▮▮▮▮ . . . , his superior petty officer, . . . did, . . . disobey the same." The exception of the word "willfully" from the specification, as originally drawn, related to the *manner* not the *fact* of disobedience. All of the requisite elements, necessary to constitute a violation of Article 92(2), are included within the specification, as amended, if not directly, at least by necessary implication. United States v Fleig, 16 USCMA 444, 445, 37 CMR 64. Although the words "having received" may, as asserted by appellate defense counsel, be subject to varying interpretations, they can, in a proper case, be equated to knowledge; and, in this case, the court was instructed by the president that in order to find the accused guilty of this offense, lesser included within the original charge, it must find that he had *actual knowledge* of the order. United States v Curtin, supra. Nothing less will suffice.

In view of our holding that the accused was prejudiced by the argument of trial counsel, the decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge DARDEN concurs.

**195**

QUINN, Chief Judge (dissenting):

The court members rejected the charge of willfulness and found the accused guilty only of disobedience. The verdict impresses me as a total repudiation of trial counsel's characterization of the accused as a perjurer; and it convinces me that the court members heard and heeded the president's ruling to strike trial counsel's argument. I, therefore, perceive no prejudice in the failure of the president specifically to instruct them to disregard trial counsel's name-calling. The other assignments of error have no merit. I would affirm the decision of the board of review.