UNITED STATES, Appellee,

v.

Private E1 Michael W. ARNOLD, SSN
541–74–3271, United States
Army, Appellant.

CM 436802.

U. S. Army Court of Military Review.

18 Sept. 1978.

Captain Willard E. Nyman, III, JAGC, and Captain Larry C. Schafer, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Richard A. Kirby, JAGC, and Major David McNeill, Jr., JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant, contrary to his plea, was convicted of robbery alleged as a violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. His sentence, imposed by a general court-martial with members and approved by the convening authority, extended to a dishonorable discharge, confinement at hard labor for three years, and forfeiture of all pay and allowances.

I

During his argument on findings the trial counsel stated:

. . . Now we come to the interesting defense raised by the accused. And I hope you noticed that the whole time the accused was testifying he didn't sit up there and say, "I never punched him," or, "I never took any money," or, "I definitely did not intend to permanently deprive him of that money." The only thing the accused could tell us was he just did not remember what went on. Do you believe that? You watched him testify. Do you believe he didn't remember what was going on? . . . He remembers hearing somebody—or remembers seeing Rader throw the first punch. And then, oh, my goodness, lo and behold, he doesn't remember anything until he remembers going out through something that he thinks is a kitchen window. Does that sound a little suspicious to you, that he remembers the beginning and he remembers the end, but unfortunately he can't remember the middle? . . . Ladies and gentlemen, the government contends that the accused's defense in this case is totally and entirely trumped-up and false. It does not stand close scrutiny and you should not give it any weight whatsoever. The government contends that the accused is lying about what he does remember and what he does not remember. His defense is too convenient.

■ Appellant challenges, for the first time,[1] before us the propriety of this argument, contending that the trial counsel's statement that the appellant was lying is plain error requiring that the findings and sentence be set aside.

■ In the leading case of *United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956), the accused was convicted of false swearing. During his closing argument on findings the trial counsel called the accused a psychopathic liar and a schemer who would falsify to anyone. In fact, the trial counsel applied the term "liar" to the accused some twenty times during his argument. The Court of Military Appeals rejected Lieutenant Colonel Doctor's contention that the prosecutor's statements constituted objectionable inflammatory comments. The Court held that since the comments were "based on matters found within the record," even though they tended to be inflammatory, they were fair comments on the evidence. On the other hand, if the inflammatory remarks have no basis in the record they constitute error. This is the standard by which we are required to gauge government counsel's oral argument in the case at bar.[2]

■ The thrust of appellant's testimony was that he was too intoxicated to form the specific intent to rob and that he could remember only portions of what happened on the evening in question such as taking four Vesperex tablets (a depressant) in conjunction with beer, from whom he purchased them and how much be paid for these tablets, going to the victim's room and going out of a window after the escapade in the victim's room. Additional evidence to the effect that appellant was in a state of "total" drunkenness was contradicted by the fact that he recognized the NCO, who so testified, asked him to borrow a sum certain in order to buy cigarettes and knew exactly where to go at the time in question to purchase the cigarettes. There was also evidence favorable and unfavorable introduced relating to the appellant's reputation for truth and veracity. These questions were clearly raised and were in issue.

---

1. Lack of objection by the defense counsel at trial is some indication of the minimal impact of the trial counsel's remarks on the court members. *United States v. Nelson*, 1 M.J. 235 (C.M.A.1975); *United States v. St. John*, 23 U.S.C.M.A. 20, 48 C.M.R. 312 (1974); *United States v. Ryan*, 21 U.S.C.M.A. 9, 44 C.M.R. 63 (1971).

2. *United States v. Pettigrew*, 19 U.S.C.M.A. 191, 41 C.M.R. 191 (1970); *United States v.*

*Brewer*, 39 C.M.R. 388 (ABR 1968). *See also United States v. Nelson, supra*, at 239 wherein Chief Judge Fletcher writing for a unanimous Court, cautioned counsel "to limit their arguments to evidence in the record and to such fair influences as may be drawn therefrom"; *United States v. Ruggiero*, 1 M.J. 1089 (N.C.M.R. 1977), *pet. den.*, 3 M.J. 117, *pet. for reconsideration den.* 3 M.J. 206 (C.M.A.1977).

We have carefully considered those portions of the prosecutor's argument which were targeted by appellant and we have evaluated the argument as a whole. We find that the trial counsel "limited his remarks to the evidence of record and to fair inferences properly drawn therefrom." *Nelson, supra.*[3] We find no fair risk that the court members were improperly influenced in any way.

Appellant relies on *United States v. Knickerbocker*, 2 M.J. 128 (C.M.A.1977). In that case the conviction and sentence were set aside because the trial counsel, in his argument on the merits, expressed his personal opinion on the guilt of the accused as well as making personal comments about the accused and his testimony. Appellant urges us to equate the trial counsel's use of such phrases in the case before us as "the government suggests" and the "prosecution says" with the use of the personal pronoun "I". His additional reference to *United States v. Pettigrew, supra,* in support of this contention is inappropriate. The prosecutor's argument therein was found to be prejudicial because his contention that the accused perjured himself was not supported by any facts in evidence. We find nothing in the *Pettigrew* decision equating use of the words "the government contends" with the expression of a personal opinion by the prosecutor.

## II

Left for our consideration is appellant's contention that his sentence is too harsh in view of his dulled mental comprehension. The question of appellant's intent and knowing participation in the robbery of a fellow soldier in the barracks was resolved by the finders of fact at the trial. Their resolution is fully supported by the facts of record and the fair inferences therefrom. This robbery with its attendant vicious circumstances fully warranted the punishment provided by the court and approved by the convening authority. The punishment fits both the offender and the crime.

The findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL and Judge FELDER concur.

---

3. *See also* ABA Standards, The Prosecution Function, §§ 5.8 and 5.9 (1971).